## John Wetherbee *vs.* Richard Martin.

A certificate of discharge in insolvency is a bar to an action on a debt due to one who had notice of the proceedings, although he did not prove his debt against the estate, and although the certificate was granted, by consent of a majority of the creditors who had proved their debts, two days before the expiration of six months from the date of the assignment.

ACTION OF CONTRACT upon a promissory note. Answer, a certificate of discharge in insolvency.

At the trial in the superior court of Suffolk at March term 1859, the following facts were proved: The defendant applied

Wetherbee *v.* Martin.

for the benefit of the insolvent laws on the 17th of July 1854. The first meeting of his creditors was held, after due notice to the plaintiff and other creditors named in the debtor's schedule, on the 8th of August, when an assignee was chosen, and an assignment made to him. The second and third meetings were duly notified and held. The plaintiff's debt was not proved against the estate. On the 6th of February 1855, the defendant, having procured the assent of a majority of the creditors who had proved their debts, and three fourths in value of the sums proved, a certificate of discharge was granted.

*Huntington,* J. ruled that, as the discharge was granted two days before the expiration of six months from the date of the assignment, and as the note in suit was not proved against the estate, the discharge was no defence to the action. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. G. Cobb,* for the defendant.

*E. Avery,* for the plaintiff.

BIGELOW, C. J. This case is not distinguishable from *Journeay* v. *Gardner,* 11 Cush. 355, and *Williams* v. *Coggeshall,* 11 Cush. 444. The fact that the note in suit was not proved against the estate of the defendant is of no importance. The validity of the discharge of the debtor does not depend on the question whether a debt has been proved or not. If the requisites of the statute have been complied with, the debtor is entitled to his discharge, and it is valid as a bar to all claims, both those which were proved and those of which no proof was made. The creditor, if he desired to object to the debtor's discharge, or to have his claim enumerated in the number and amount which were to be reckoned, in order to ascertain whether the debtor had obtained the consent of a majority of his creditors who had proved their claims, and three fourths in value of the sums proved, should have taken care to have proved his claim at one of the three meetings which were held prior to the granting of the discharge.

*Exceptions sustained.*